THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD F. BOYLE, Appellant, *v.* MICHAEL J. CRUISE, as City Clerk of the City of New York, et al., Respondents.

*Constitutional law — re-passage by legislature of bill affecting city after disapproval by mayor — return of bill to governor instead of to assembly unimportant — time of transmission determined, not by the date of receipt, but by the date of dispatch.*

1. The fact that a bill, affecting the city of New York, at the time of its re-passage by the legislature had been returned disapproved by the mayor to the governor and not to the assembly is unimportant. The bill was no longer subject to action by the mayor but had been returned in the only way he intended to return it. The place of deposit did not affect the legislature's action.

2. The time of transmission under section 2 of article 12 of the Constitution of the state is determined, not by the date of receipt, but by the date of dispatch.

(Submitted August 31, 1921; decided October 4, 1921.)

MOTION for re-argument.     (See 231 N. Y. 639.)

*Per Curiam.*     A re-argument is asked upon the ground that the court was under a misapprehension in supposing that the bill at the time of its re-passage had been returned by the mayor to the assembly, the fact being that it had been returned, not to the assembly, but to the governor.

We think the difference is unimportant. The bill was no longer subject to action by the mayor, but had been returned in the only way in which he intended to return

it. The place of deposit did not affect the legislature's action. We should be exalting the shadow above the substance if we permitted such technicalities to invalidate a statute.

If there is error in these views, a majority of the court are prepared to hold, for the reasons stated at the Appellate Division, that the time of transmission under article XII, section 2, of the Constitution of the state is determined, not by the date of receipt, but by the date of dispatch.

The motion for a re-argument should be denied, without costs.

All concur.

Motion denied.